# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY CASTELLANOS,
      Appellant,

    v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
NY-0752-09-0107-X-1

DATE: January 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Louis D. Stober, Jr., Esquire, Garden City, New York, for the appellant.

Tiffany O. Lee, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with the initial decision, and the matter was referred to the Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for consideration.[2]  *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012).  For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On August 13, 2009, the administrative judge issued an initial decision finding that the agency had constructively removed the appellant.  MSPB Docket No. NY-0752-09-0107-I-1, Initial Decision (ID) at 2 (Aug. 13, 2009).  The administrative judge ordered the agency to cancel the appellant's resignation and retroactively reinstate him as of August 15, 2006, and pay him back pay, with interest and benefits.  ID at 16.  Neither party petitioned for review.

¶3      On September 15, 2010, the appellant filed a petition for enforcement.  On May 26, 2011, the administrative judge issued a recommendation finding that the agency failed to pay the appellant the appropriate amount of back pay, restore his annual and sick leave balances, or restore his health insurance.  *See* MSPB Docket No. NY-0752-09-0107-C-1, Recommendation at 8 (May 26, 2011).

¶4      After reviewing the parties' submissions, on September 25, 2014, the Board ordered the agency to recalculate the appellant's overtime pay based on the overtime hours worked by similarly-situated employees during the back pay period, and to submit an explanation of this calculation and of its calculations for interest paid on the rest of the back pay award.  MSPB Docket No. NY-0752-09-0107-X-1, Compliance Referral File (CRF), Tab 16 at 9-11.  The Board found the agency otherwise compliant with the Initial Decision.  The Board provided the

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

appellant time to respond and advised him that if he failed to do so, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.* at 13.

¶5 On November 17, 2014, the agency submitted evidence of purported compliance with the initial decision and the September 25, 2014 order. CRF, Tab 20. The appellant did not file a response. Accordingly, after reviewing the agency's submission, we assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.